David M. REISE, Petitioner Below, Appellant,

v.

BOARD OF BUILDING APPEALS OF the CITY OF NEWARK, Delaware, Respondent Below, Appellee.

Shazmin Khan, Petitioner Below, Appellant,

v.

Board of Building Appeals of the City of Newark, Delaware, Respondent Below, Appellee.

Nos. 75, 1999, 109, 1999.

Supreme Court of Delaware.

Submitted: Nov. 30, 1999.
Decided: Feb. 23, 2000.

Mark D. Sisk, of Hughes, Sisk & Glancy, P.A., Wilmington, for Appellant David M. Reise.

Timothy M. Rafferty, of Timothy M. Rafferty, P.A., Hockessin, for Appellant Shazmin Kahn.

Bruce C. Herron, of Sawyer, Akin & Herron, P.A., Wilmington, for Appellee.

Before VEASEY, Chief Justice, WALSH and BERGER, Justices.

BERGER, Justice.

This appeal concerns an attempt to use the common law writ of certiorari to review a municipal agency decision. Where, as here, aggrieved parties have no right of appeal from an adverse decision of an administrative body, the Superior Court has jurisdiction to issue a writ of certiorari. The scope of review on certiorari, however, is more limited than the review available on appeal. On certiorari, the court considers only: (i) the lower tribunal's jurisdiction; (ii) the regularity of the proceedings below; and (iii) errors of law. In this case, the Board of Building Appeals of the City of Newark upheld decisions by the City's Director of Building revoking appellants' rental permits. The Superior Court dismissed appellants' petitions for writ of certiorari, holding that it lacked jurisdiction. We reverse. The petitions allege irregularities in the proceedings and errors of law—including the failure of the Board to state the reasons for its decision, and lack of due process—which are within the scope of review on certiorari.

## I. Factual and Procedural Background

Appellants own homes in the City of Newark, which they rent to University of Delaware students and others. In 1997, the Department of Building revoked certain of appellants' rental permits after determining that more people were living in the rental properties than the permits allowed. Appellants sought review by the Board of Building Appeals and, at the conclusion of appellants' hearings, the Board voted to support the revocations. The Board did not provide any reasons for its decisions.

Appellants then filed petitions for writ of certiorari in the Superior Court. The petitions allege, among other things, that: (a) the Board's failure to issue written decisions stating the reasons for its decisions violates the Board's rules and appellants' due process rights; (b) the Board improperly placed the burden of proof on appellant Reise; and (c) § PM 405.5 of the BOCA Code, relied upon to support the revocation, is unconstitutional and violates specified state and federal statutes. The Board moved to dismiss the petitions for lack of subject matter jurisdiction and the Superior Court granted the motion.

## II. Discussion

The writ of certiorari is one of the oldest common law writs; its "origins are obscure in the history of medieval England...."[1] The writ itself is simply a form that calls up, for review, the record from the lower court or tribunal.[2] The Delaware Constitution, by granting the Superior Court jurisdiction of "all causes of a civil nature, real personal and mixed, at common law,"[3] granted the court jurisdiction over certiorari proceedings:

> [B]y the Constitution of 1831 the Superior Court was given jurisdiction of all

causes of a civil nature ... at common law, and all other jurisdiction and powers vested by the laws of this state in the Supreme Court or Court of Common Pleas.

> The Court of Common Pleas had power to hear and determine all manner of pleas, actions, suits, and causes ... as fully and amply ... as the justices of the King's Bench, Common Pleas and Exchequer of England....

> There can be no doubt that in England, prior to 1831, the courts had the power to issue the writ of certiorari to one inferior court or tribunal of limited jurisdiction.... It necessarily follows, therefore, that the Superior Court of this state has the authority to issue such a writ....[4]

In these cases, the Superior Court recognized its common law power of review by certiorari, but nonetheless held that it lacked jurisdiction because no statute authorizes appeals from the Board of Building Appeals. Ironically, the absence of any statutory right of appeal is one of the requirements for review by certiorari:

> There are important threshold qualifications for certiorari review; for instance the judgment below must be final, and there must be no other available basis for review.[5]

Even where the action of the lower tribunal is, by statute, "final and conclusive," review is available by certiorari:

> [The legislature] could not have meant, or intended, that the proceedings of the [lower tribunal] could not be reviewed by the appellate tribunal for the purpose, or to the extent, of ascertaining whether the [lower tribunal] had jurisdiction of the cause, had exceeded its jurisdiction, or had not exercised the

**1.** *Shoemaker v. State,* Del.Supr., 375 A.2d 431, 437 (1977).

**2.** *In the Matter of Butler,* Del.Supr., 609 A.2d 1080 (1992).

**3.** Constitution of 1897, Art. IV, § 7.

**4.** *Rash v. Allen,* Del.Super., 76 A. 370, 374 (1910).

**5.** *In the Matter of Butler,* Del.Supr., 609 A.2d 1080, 1081 (1992).

same according to law. To hold otherwise would be to make the [lower tribunal] superior to the Constitution of the state, and to vest it with powers greater than any court ... has ever possessed. It would enable the [lower tribunal] to hear and determine [the] case without notice of any kind, without due process of law, without jurisdiction, and indeed in absolute disregard of the rights of the [parties], constitutional or otherwise. Such arbitrary and unlimited power would be not only dangerous, but it is inconceivable and impossible under our system of government.[6]

Review on certiorari, however, is not the same as review on appeal. Certiorari is on the record and the Superior Court may not weigh evidence or review the lower tribunal's factual findings.[7] In other words, the court does not consider the case on the merits. Rather, the reviewing court considers the record before the lower tribunal to determine whether it: (i) exceeded its jurisdiction; (ii) committed errors of law; or (iii) "proceeded irregularly."[8]

Applying these standards, we are satisfied that appellants' petitions raise several grounds for review on certiorari. First, and foremost, the petitions allege (and the record confirms) that the Board failed to provide statements of the reasons for its decisions. It is settled law that a quasi-judicial tribunal must state the basis for its decision, in order to allow judicial review.[9] Thus, the Board's decisions must be vacated on this basis alone. While we offer no view on the merits (or even the sufficiency of the pleading) with respect to appellants' other claims, we note that the following allegations in the present petitions are within the scope of review on certiorari: (i) Reise's claim that the Board erred in allocating the burden of proof; (ii) Khan's claim that the City of Newark failed to give proper notice; (iii) Kahn's claim that § 405.5 of the BOCA Code is unconstitutional and violates specified state and federal statutes; (iv) Kahn's claim that § 32–10(a)(6.1) of the Newark City Code cannot form the basis for a permit revocation; (v) Kahn's claim that a permit may not be revoked after its normal expiration date; and (vi) Kahn's claim that the revocation of the rental permit violated specified sections of the Delaware Constitution.

### III. Conclusion

Based on the foregoing, the decisions of the Superior Court dismissing the petitions for writ of certiorari are reversed and the matter is remanded for further action in accordance with this decision.

---

6. *Rash v. Allen,* 76 A. at 376.

7. *In the Matter of Butler,* 609 A.2d at 1081,-1082.

8. Woolley, Delaware Practice, Volume I, § 896.

9. *Tate v. Miles,* Del.Supr., 503 A.2d 187 (1986).