## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| LUGENIA ANTHONY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N12A-12-006 ALR |
| ERIN BICKLEY and DIAMOND | ) | |
| STATE PORT CORPORATION, | ) | |
| Defendants. | ) | |

Submitted: May 23, 2014
Decided: August 8, 2014

**Upon Defendants' Motion for Judgment on the Pleadings**
**GRANTED**

Samuel L. Guy, Esquire, attorney for Plaintiff.

William W. Bowser, Esquire, Lauren E.M. Russell, Esquire, of YOUNG CONAWAY STARGATT & TAYLOR LLP, attorneys for Defendants.

**Rocanelli, J.**

Plaintiff, Lugenia Anthony, has been employed with Defendant, Diamond State Corporation ("Diamond State"), a governmental agency,[1] since 1998 at the Port of Wilmington. Plaintiff is a member of the International Longshoremen's Association, Local 1694-1, AFL-CIO ("Union"). Defendant, Erin Bickley, is Diamond State's Safety and Training Manager. Among other responsibilities, Bickley conducted Diamond State's forklift certification program which Diamond State offers regularly to employees to become certified to operate forklifts on Diamond State property.

Plaintiff attended the Diamond State forklift certification program operated by Bickley in November 2010. Plaintiff received a failing grade for the course on November 23, 2010. Plaintiff alleges that she again participated in Diamond State's forklift certification program in December 2012. Plaintiff alleges that she was informed that she successfully completed the program on December 3, 2012, and further alleges that her certification was revoked by Bickley on December 6, 2012. Defendants deny that Plaintiff participated in any forklift training certification classes since November 2010.[2] However, for the purpose of consideration of Defendants' motion, Defendants acknowledge that the Court must

---

[1] Diamond State was created pursuant to 29 *Del. C.* §§8780-8789.
[2] Def. Ans. ¶ 4-5.

accept Plaintiff's assertion as true, that Plaintiff took the forklift certification course in 2012.

Plaintiff filed this lawsuit on December 6, 2012, seeking a writ of certiorari to review Defendants' actions taken regarding Plaintiff's forklift certification. In her Complaint, Plaintiff further alleges that Bickley tortiously interfered with Plaintiff's employment contract with Diamond State and that Defendants violated Plaintiff's civil rights under 42 U.S.C. §§ 1983 and 1985 because of Plaintiff's race and/or gender.[3]

Plaintiff's initial pleading was a "Notice of Appeal." Plaintiff stated that she "does hereby appeal to the Superior Court from the revocation of a forklift operator certificate by the Diamond State Port Corporation."[4] The Court entered an Order on January 15, 2013 allowing Plaintiff's petition for a writ of certiorari after a review of Plaintiff's assertions in Plaintiff's Complaint. Defendants filed an Answer on February 18, 2013. Defendants then filed a motion for judgment on the pleadings. The issues raised by Defendants have been fully briefed by all parties.

---

[3] According to Plaintiff's Opening Brief, Plaintiff is an African American woman. Pl. Opening Br., at 5.
[4] Plaintiff's Notice of Appeal, D.I. 1.

**Standard of Review**

A party may move for judgment on the pleadings after the pleadings are closed, but within such time as not to delay trial.[5] "The nonmoving party is entitled to the benefit of any inferences that may fairly be drawn from its pleading."[6] For purposes of considering a motion for judgment on the pleadings, all facts must be accepted as true and all reasonable inferences must be construed in favor of the non-moving party.[7] The plaintiff must plead sufficient facts that, if supported by record evidence, would create a material dispute.[8] "The motion should be granted when no material issues of fact exist and the movant is entitled to judgment as a matter of law."[9] However, when the pleadings present any issues of material fact, the motion for judgment on the pleadings may not be granted.[10]

If "matters outside of the pleadings are presented and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as

---

[5] Super. Ct. Civ. R. 12(c).

[6] *Walker v. City of New Castle*, 2014 WL 2885537, at *2 (Del. Super. June 23, 2014) (quoting *Estate of Williams v. Corr. Med. Servs., Inc.*, 2010 WL 2991589, at *1 (Del. Super. July 23 2010)).

[7] *Silver Lake Office Plaza, LLC v. Lanard & Axilbund, Inc.*, 2014 WL 595378, at *6 (Del. Super. Jan. 17, 2014).

[8] *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund*, 624 A.2d 1199, 1205 (Del. 1993).

[9] *Id.* (quoting *Estate of Williams*, 2010 WL 2991589, at *1).

[10] *Atlantic Millwork Corp. v. Harrington*, 2002 WL 31045223, at *1 (Del. Super. Sept. 12, 2002).

provided in Rule 56 . . ."[11]  Plaintiff, in her response to Defendant's Motion for Judgment on the Pleadings, provided a newspaper article, indicating that the article will "help the Court understand the context of this case."  Plaintiff further argues that the news article attached, which shows "[a] picture of [a] white Senator . . . who does not work at the Port, driving a forklift, demonstrates that African American women are treated differently."[12]  This article was not attached as an exhibit to the Complaint.  More importantly, the article is hearsay and does not address Plaintiff's claims that are at issue before the Court.  It is therefore not relevant.

Moreover, in order to consider statements outside of the pleadings, Rule 56 requires affidavits made on personal knowledge and sworn or certified copies of all statements referred to in the affidavits must be provided to the Court Rule 56(e).  "[A]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Super. Ct. Civ. R. 56(e).  In considering the motion for judgment on the pleadings, the Court has not considered any evidence outside the pleadings.

---

[11] *Id.*  In consideration of this instant motion, the Court has excluded any documents submitted that are outside of the pleadings.
[12] Pl. Response Br., at 12.

4

**PLAINTIFF'S PETITION FOR A WRIT OF CERTIORARI**

The Superior Court has the power to issue writs of certiorari that are necessary to bring the actions in Superior Court to trial and for executing judgments in Superior Court.[13] The writ of certiorari is "simply a form that calls up, for review, the record from the lower court or tribunal."[14] The purpose of the common law writ of certiorari is "to review acts that are judicial or quasi-judicial in nature."[15]

An order was issued on January 15, 2013 granting Plaintiff's request to file a petition for writ of certiorari based on the assertions in the Complaint. However, on the merits, Plaintiff's petition for writ of certiorari must be denied because there was no quasi-judicial or judicial proceeding for the Court to review. Plaintiff's assertions that the "decision reached [by Diamond State] is quasi-judicial"[16] and that "[t]here should be documentation for the Court to consider,"[17] without any reference to an actual proceeding, are not sufficient to meet the requirements for issuance of a writ. Furthermore, there is no record for the Court to consider and no

---

[13] 10 *Del. C.* 562.
[14] *Maddrey v. Justice of the Peace Court 13*, 956 A.2d 1204, 1213 (Del. 2008) (quoting *Reise v. Bd. of Bldg. App. Of Newark, Del.*, 746 A.2d 271, 273 (Del. 2000)).
[15] *Dover Historical Soc. v. City of Dover Planning Comm'n*, 838 A.2d 1103, 1106 (Del. 2003).
[16] Pl. Opening Br., at 8.
[17] *Id.*

indication that the decision was made by Diamond State acting as a "lower tribunal."

Even if there was a quasi-judicial proceeding for the Court to review, two threshold conditions must be met in order for the Court to grant a writ of certiorari: (1) the judgment must be final and (2) there must be no other available basis for review.[18] Plaintiff's petition for writ of certiorari fails because there is no final judgment to review. Diamond State made a decision regarding the terms and conditions of Plaintiff's employment. Moreover, Plaintiff does not meet the second element of the threshold test because Plaintiff can seek review of Diamond State's decision not to certify Plaintiff for forklift operation through other means. Plaintiff is a Union member and, therefore, a grievance process is available to Plaintiff. Plaintiff argues that "[u]nion and non-union workers may require certification to serve as forklift operators. There may not be any administrative remedies available to anyone at the Port."[19] However, the question for this Court is not whether non-Union members have administrative remedies available. Rather, it is only relevant that Plaintiff *was* a Union member, and therefore alternative administrative remedies are available to Plaintiff through the Union

---

[18] *Maddrey*, 956 A.2d at 1213.
[19] Pl. Opening Br., at 7.

grievance process. Accordingly, Plaintiff has not presented a claim for a writ of certiorari upon which relief can be granted.

**PLAINTIFF'S CLAIM OF TORTIOUS INTERFERENCE OF CONTRACT**

Plaintiff's Complaint alleges that Bickley "tortuously interfered with [Plaintiff's] opportunities . . . associated with being certified as a forklift operator,"[20] including Plaintiff's opportunities to seek forklift opportunities outside of Diamond State. Defendants argue that they are entitled to judgment as a matter of law because Bickley acted within the scope of Bickley's authority as an agent of Diamond State and therefore cannot interfere with Diamond State's own contract with Plaintiff.

Tortious interference with a contract requires: (1) a contract; (2) about which respondent knew; (3) an intentional act that is a significant factor in causing the breach of such contract; (4) without justification; and (5) that causes injury.[21] However, in a tortious interference claim, "an agent for a party to a contract cannot . . . interfere with her principal's own contract, provided that the agent does not exceed the scope of her authority."[22] In other words, the party that tortiously

---

[20] Compl., ¶ 15.
[21] *Estate of Carpenter v. Dinneen*, 2007 WL 2813784, at *5 (Del. Ch. April 11, 2007).
[22] *Id.* at *7.

interferes with a contract must be a "stranger" to the contract itself as well as a stranger to the business relationship underpinning the contract.[23]

Bickley was Diamond State's Safety and Training Manager. In the scope of Bickley's employment, Bickley had the authority to conduct training classes and determine which employees had satisfied the requirements for forklift operator certificates. Even considering the facts in the Complaint in the light most favorable to Plaintiff, if Bickley issued the forklift operator certificate to Plaintiff and then later revoked it, Bickley would be acting within the scope of authority as the Safety and Training Manager. Therefore, as an agent of Defendant, Bickley is a part of the underlying contract and business relationship between Defendant and Plaintiff, not a stranger to the contract.[24] Accordingly, Plaintiff has not pleaded a claim for tortuous interference with contract upon which relief can be granted.

**PLAINTIFF'S CIVIL RIGHTS CLAIMS UNDER 42 U.S.C. §§ 1983 and 1985**

Plaintiff alleges that Defendants violated Plaintiff's civil rights under 42 U.S.C. §§1983 and 1985 because of Plaintiff's status as an African American woman and by depriving Plaintiff of her property interest when the forklift certification was declined or revoked. Defendant argues that Plaintiff's claims of

---

[23] *Tenneco Auto., Inc. v. El Paso Corp.*, 2007 WL 92621, at *5 (Del. Ch. Jan. 8, 2007).
[24] Plaintiff concedes this point as an alternative argument in Paragraph 14 of the Complaint, stating "[i]n the alternative, Erin Bickley revoked the certification, acting within his authority as an agent of the Diamond State Port Corporation." Compl., ¶ 14.

gender and race discrimination are conclusory and insufficient to sustain Plaintiff's claim. Plaintiff argues that the pleadings allege sufficient facts to support a claim of race and/or gender based discrimination.

Furthermore, "where a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts will either review any action by the [administrative body] or provide an independent remedy.[25] Plaintiff has not exhausted administrative remedies required to bring a proper claim of civil rights violations before the Court. Plaintiff was a member of the Union, which provided for a grievance process. A grievance process is sufficient to protect a plaintiff's due process rights.[26] Plaintiff has not participated in the grievance process and, therefore, has not exhausted her available administrative remedies as to her civil rights claims.

Even if Plaintiff had exhausted administrative remedies, Plaintiff has failed to demonstrate a *prima facie* case of discrimination under §§1983 and 1985. Claims of race and gender based discrimination under §§1983 and 1985 claims must be evaluated according to the *McDonnell-Douglas*[27] framework, which is a

---

[25] *Levinson v. Del. Comp. Rating Bureau, Inc.*, 616 A.2d 1182, 1187 (Del. 1992).

[26] *Jones v. McCarnan*, 1993 WL 19675, at *3 (Del. Super. Jan. 13, 1993). *See Dykes v. Se. Pa. Transp. Auth.*, 68 F.3d 1564, 1571 (3d Cir. 1995) ("Due process is flexible and calls for such procedural protections as the particular situation demands.")

[27] *Evans v. Port Auth. of N.Y. and N.J.*, 438 Fed. App'x 117, 118 (3d Cir. 2011) (holding that the lower court properly applied the *McDonnell-Douglas* framework to the §1983 claim). Other jurisdictions have reasoned that the *McDonnell-Douglas* framework applies to §1985 claims, as

three-step burden-shifting analysis.[28]  In order to establish a *prima facie* case of discrimination, Plaintiff must show: (1) she is a member of a protected class; (2) she is qualified for the position; (3) she suffered an adverse employment action despite being qualified; and (4) the circumstances give rise to an inference of unlawful discrimination.[29]  Plaintiff cannot meet a *prima facie* claim of discrimination when the allegations in the Complaint are "naked assertions devoid of further factual enhancement."[30]  The Court will not consider "conclusory allegations that lack specific supporting factual allegations."[31]

In Plaintiff's Complaint, Plaintiff merely alleges that Bickley, as an employee of Diamond State, "conspired with others (*sic*) employees on account of Lugenia Anthony's status as an African American Woman"[32] and "violated the Due Process rights of Lugenia Anthony."[33]  Plaintiff argues that those allegations in the Complaint, along with Exhibit 1 to Defendants' Answer, which is a list of passing or failing employees for the November 23, 2010 forklift certification training, demonstrates racial or gender animus or discrimination.  The Exhibit does

---

the United States Supreme Court applied the *McDonnell-Douglas* analysis to employment discrimination claims, it also applies to § 1985 discrimination claims outside of the employment context.  *Vakilian v. Shaw*, 335 F.3d 509 (6th Cir. 2003).

[28] *Mitchell v. Wachovia Corp.*, 556 F. Supp. 2d 336, 346 (D. Del. 2008).

[29] *Id.* (citations omitted); *Mc Donnell Douglas Corp.*, 411 U.S. at 802.

[30] *Golod v. Bank of America Corp.*, 403 Fed. App'x 699, 701 (3d Cir. 2010).

[31] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998).

[32] Compl., ¶ 27.

[33] Compl., ¶ 30.

not show any race or gender based discrimination sufficient to bring additional factual context to the allegations in Plaintiff's Complaint. Therefore, the mere assertions of racial or gender discrimination are not sufficient to survive the motion for judgment on the pleadings.

Accordingly, Plaintiff has not pleaded a claim for civil rights violations upon which relief can be granted.

**NOW, THEREFORE, Defendants' Motion for Judgment on the Pleadings is hereby GRANTED. Judgment shall enter in favor of Defendants. IT IS SO ORDERED 8th this day of August, 2014.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

11