# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| **MICHAEL TEDESCO,** | : | |
| | : | **C.A. No: K14A-09-002 RBY** |
| _____Appellant, | : | |
| | : | |
| v. | : | |
| | : | |
| **BAYHEALTH MEDICAL CENTER,** | : | |
| | : | |
| **Appellee.** | : | |

*Submitted: February 4, 2015*
*Decided: March 13, 2015*

***Upon Consideration of Appellant's Appeal from***
***the Industrial Accident Board***
**AFFIRMED IN PART and REMANDED IN PART**

Christopher A. Amalfitano, Esquire, Ramunno & Ramunno, P.A., Wilmington, Delaware for Appellant.

Keri L. Morris-Johnston, Esquire, Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware for Appellee.

Young, J.

## SUMMARY

The Industrial Accident Board ("The Board") ruled against Michael Tedesco ("Appellant"), holding that his current need for medical treatment with respect to his left knee, did not arise from a fall he sustained while on his employer Bayhealth Health Medical Center, Inc.'s ("Appellee") premises. Thus, the Board denied Appellant's Petition to Determine Additional Compensation Due. Appellant further alleges that the Board denied his request for attorney's fees, stemming from a purportedly consolidated matter. The Board's decision makes no mention of this request or its denial.

This Court is to reverse the ruling of the Board only if that decision was not based in substantial evidence, or was the result of legal error. Finding neither to be true, the Court **AFFIRMS** this aspect of the Board's decision.

With regard to the issue concerning Appellant's request for attorney's fees, this appears not to have been decided by the Board. Accordingly, the Court **REMANDS**, with instruction to the Board to address and clarify its findings on this subject.

## FACTS AND PROCEDURAL POSTURE

The factual circumstances underlying the present appeal are numerous, and detail many unfortunate happenings in the life of Appellant. On January 19, 2009, Appellant, at the time employed as a surgical nurse by Appellee, slipped while on duty, allegedly twisting his knee. On January 22, 2009, his supervisor sent him to be examined at Appellee's Employee Health Center, where it was determined he had suffered a collateral ligament strain. Appellant returned on January 29, 2009, and

reported that there had been an 80% resolution of, at least, part of his condition.

Appellant was then treated by Dr. Rowe, whose diagnosis, as of January 2009, was left knee patella femoral syndrome. He ordered an MRI which found "linear meniscal degeneration or nondisplaced horizontal tear of the posterior medial meniscus."[1] However, Dr. Rowe did not believe that Appellant's condition required surgery. Appellant was instead given a regimen of physical therapy, chiropractic care, and medication.

On July 27, 2009, Appellant was examined by Dr. Elliot Leitman ("Dr. Leitman"), an orthopaedic surgeon, at the request of Appellee. Dr. Leitman is also Appellee's expert in this case. After his examination of Appellant, and a review of Dr. Rowe's records, including the MRI, Dr. Leitman concluded that surgery was not needed. Although the MRI showed a tear, according to Dr. Leitman, the pain Appellant complained of was not in the location of the tear. Dr. Leitman further diagnosed Appellant as having a left knee sprain.

After ceasing treatment with Dr. Rowe in 2009, Appellant did not seek treatment again until 2013. During this four year gap, Appellant sustained an additional slip and fall accident at work, in February 2010. This was soon followed by a car accident in October 2010. The final event in this series of misfortunes, occurred in September 2013, when Appellant sustained yet another slip and fall at an amusement park. This last incident prompted Appellant to seek medical care, in November 2013. Appellant was attended to by Dr. Pilkington, who ordered another

---

[1] Appellee's Answering Brief, at p. 2.

MRI. The MRI revealed a meniscus tear, which, Dr. Pilkington found, required surgery.

The Appellant then sought the care of Dr. Richard DuShuttle ("Dr. DuShuttle"), an orthopaedic surgeon, in February of 2014. Dr. DuShuttle reviewed the findings of Dr. Rowe and Dr. Leitman, disagreeing that Appellant was not due for knee surgery, following the 2009 incident. It is Dr. DuShuttle's opinion that a causal link existed between Appellant's current medical needs, and the 2009 work injury. Dr. DuShuttle is Appellant's expert in this case.

Dr. Letiman, again, conducted an exam of Appellant, at the request of Appellee, in February of 2014. In so doing, he again reviewed the previous medical findings, as well as the new exams conducted by Dr. Pilkington and Dr. DuShuttle. Dr. Leitman found that Appellant's current complaints, which led to Dr. Pilkington's suggestion of surgery, are in no way related to the 2009 injuries. This is due to the fact that, according to Dr. Leitman, the current injuries and the injuries sustained in 2009, are in two different places.

On January 8, 2014, Appellant filed a Petition to Determine Additional Compensation Due, seeking coverage of ongoing medical care, which he alleges is necessitated by the 2009 work accident. Following a hearing, the Board ruled in favor of Appellee, on August 11, 2014. The Board did not find a causal connection between the 2009 fall and Appellant's current requirement of treatment.

Although there is some confusion about this, Appellant further alleges that in a consolidated action, following Appellee's withdrawal of Petition for Review/Termination, Appellant filed an affidavit requesting attorney's fees.

Appellant apparently raised this issue at the August 2014 hearing, regarding the present matter on appeal. Appellee avers that the Board did not consider this request, as it was not before the Board properly, at that time. Appellant's rendition is even less illuminating as to how this request was handled. Whichever recitation of events is accurate, it is clear the Board did not address this issue in its opinion.

## STANDARD OF REVIEW

For administrative board appeals, this Court is limited to reviewing whether the Board's decision is supported by substantial evidence and free from legal errors.[2] Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion."[3] It is "more than a scintilla, but less than preponderance of the evidence."[4] In reviewing the Board's decision, the Court is to avoid behaving as a "trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions."[5] An abuse of discretion will be found if the board "acts arbitrarily or capriciously...exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[6] Where an agency has interpreted and applied a statute, the

---

[2] 29 *Del. C.* §10142(d); *Avon Prods. v. Lamparski*, 293 A.2d 559, 560 (Del. 1972).

[3] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. Super. Ct. 1981) (citing *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

[4] *Id.* (quoting *Cross v. Calfano*, 475 F.Supp. 896, 898 (M.D. Fla. 1979)).

[5] *Johnson v. Chrysler Corp.*, 213 A.3d 64, 66 (Del. 1965).

[6] *Delaware Transit Corp. v. Roane*, 2011 WL 3793450, at *5 (Del. Super. Ct. Aug. 24, 2011) (internal quotations omitted).

court's review is *de novo*.[7] In the absence of an error of law, lack of substantial evidence or abuse of discretion, the Court will not disturb the decision of the board.[8]

## DISCUSSION

Although presenting his appeal in five arguments, Appellant, essentially, makes only two points: 1) the Board did not base its decision on substantial evidence; and 2) the Board committed an error of law in not awarding attorney's fees, pursuant to 19 *Del. C.* §2320(10). As to Appellant's first point, the Court finds that the Board sufficiently considered the evidence presented it, weighed the facts accordingly, as is its prerogative, and came to a reasonable conclusion.

With respect to the second contention, the Court finds that there is considerable confusion regarding what occurred in the proceedings below, and, thus, remands that portion of this case back to the Board for further contemplation.

When reviewing the decision of an administrative agency, the Court is to avoid behaving as a "trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions."[9] Moreover, even were the Court to have reached a different conclusion, based upon the record below, the decision of the Board is to remain undisturbed.[10] The only requirement is that the evidence underlying the ruling be such that "a reasonable mind might accept [it] as

---

[7] *Lehman Brothers Bank v. State Bank Comm'r,* 937 A.2d 95, 102 (Del. 2007).

[8] *Anchor Motor Freight v. Ciabattoni,* 716 A.2d 154, 156 (Del. 1998).

[9] *Johnson*, 213 A.3d at 66.

[10] *Kreshtool v. Delmarva Power & Light Co.,* 310 A.2d 649, 652 (Del. Super. Ct. 1973).

adequate to support a conclusion."[11]

Specific to the case at bar, the evidence reviewed by the Board can best be described as a battle of the experts. Appellant's expert, Dr. DuShuttle, opined that Appellant's current medical ailments were causally related to his 2009 work injury. Appellee, meanwhile, presented the expert testimony of Dr. Leitman, which did not consider there to be a causal link. Indeed, the precise discord concerns the timing of a meniscal tear, requiring left knee surgery. In coming to its decision, the Board considered the opinions of all the experts, making a credibility determination that the 2009 injury was not the cause of Appellant's current health concerns. This ruling was made after contemplating the testimonies of both parties' experts. There is no reason to think the decision was based on anything but substantial evidence.

Appellant seems to argue that the testimony of Dr. DuShuttle, his expert, was "unrebutted," and thus, pursuant to *Mermelstein v. Lewes Citizens Senior Ctr., Inc.*,[12] the Board abused its discretion in ruling against him. In particular, Appellant contends that his adversary never provided evidence to dispute that Appellant's medical needs were caused by his subsequent accidents, as opposed to the 2009 injury. Therefore, Appellant, without foundation, contends that the Board based its decision solely on Appellee's Counsel's closing argument. Although Appellant may prefer the findings of Dr. DuShuttle, this does not mean that the record was bereft of rebutting evidence on which the Board could base its ruling. The issue in the case was

---

[11] *Olney,* 425 A.2d at 614.

[12] 2002 WL 31667520, at *1 (Del. Super. Ct. Oct. 29, 2002).

whether Appellant's current treatment was necessitated by the 2009 accident – *not* whether the other incidents played a role.[13] Moreover, the Court does not find that a determination as to one necessarily requires a determination as to the other. Nor are they mutually exclusive, for that matter. Dr. DuShuttle opined that the 2009 accident was the cause, while Appellee's expert opined it was not. Appellee's expert's testimony speaks directly, and in opposition to Dr. DuShuttle's conclusions. *Mermelstein* is inapposite, as that Court was faced with a situation in which "there was no contrary medical opinion for the Board to accept."[14] Conversely, the findings of Appellee's experts are, precisely, the *contrary* medical opinions lacking in *Mermelstein.* The comparison is, simply, not on point.

Appellant's second contention concerns 19 *Del. C*. §2320(10). According to Appellant, *Lattis v. Blackwell*, together with *Short v. ACME Markets*, stand for the proposition that pursuant to §2320(10), if a petition is withdrawn within 30 days of a scheduled hearing, and the employee files an affidavit for attorney's fees, the Board is to award such fees.[15] Appellee points out, and Appellant does not dispute, that the Board's decision makes no reference to attorney's fees, whether denying or granting them.

Evidently, the parties settled a separate matter concerning Appellant's

---

[13] *See* Board's Opinion, at p. 11("[i]in this case, the primary issue is whether the medical treatment (surgery) required to treat the left knee symptomology is causally related to the 2009 left knee work injury").

[14] *Id.,* at *3.

[15] 1992 WL 53435, at *1 (Del. Feb. 28, 1992); 2010 WL 1173098, at *1 (Del. Super. Ct. Mar. 26, 2010).

temporary total disability ("TDD Matter"), provided him by Appellee. Appellant avers that this matter was consolidated with the matter currently on appeal, to wit the casual nature of the 2009 work injury. Further, Appellant alleges that the parties settled the TDD Matter, within 30 days of a scheduled hearing. Appellant alleges that as per *Lattis*, the Board should have awarded Appellant its attorney's fees.

As an initial matter, this Court notes that the Board's decision did not make any reference to whether Appellant was to receive the attorney's fees. Furthermore, the record, as cited to by the parties, shows only one area in which there is mention of the request for attorney's fees.[16] In facing this issue, the Court is thwarted by two judicial review principals. The first provides that when reviewing the decision of an administrative board, the Court is limited to the record below.[17] The second is the related general admonition that appellate courts are not to consider new issues on appeal.[18] That is, if the issue were not raised below, it cannot be considered by the reviewing court. At this juncture, it is unclear whether the Board ruled upon the issue of attorney's fees, or whether this issue were even properly before it. This is primarily because the Board's opinion does not address this topic. Therefore, the Court remands this issue to the Board to clarify its views on the matter.[19] Specifically, the Board

---

[16] Exhibit B to Appellee's Answering Brief, at p. 100-102.

[17] *Hubbard v. Unemployment Ins. Appeal Bd.*, 352 A.2d 761, 763 (Del. 1976).

[18] *Wilmington Trust Co. v. Conner*, 415 A.2d 773, 781 (Del. 1980).

[19] *Reise v. Bd. of Bldg. Appeals of City of Newark,* 746 A.2d 271, 274 (Del. 2000) ("[i]t is settled law that a quasi-judicial tribunal must state the basis for its decisions, in order to allow judicial review").

should determine 1)whether, as Appellant claims, the TDD matter and the present matter, were truly consolidated; and 2) if they were, why it is, despite *Lattis'* declaration that attorney's fees are to be awarded, pursuant to §2320, the Board did not grant Appellant's request.

## CONCLUSION

Based upon the foregoing, the Court will **AFFIRM** in part, and **REMAND** in part the decision of the Board. The Court affirms the Board's ruling that Appellant's current need for medical treatment is not causally related to his 2009 work injury. That finding was based upon substantial evidence–the weighing of both parties' expert opinions. Where substantial evidence supports the Board's findings, the Court will not disturb the decision, absent an error of law.[20] The Court finds no error of law committed by the Board.

As to the issue regarding Appellant's affidavit for attorney's fees, the Court **REMANDS** this issue to the Board for further clarification.

**IT IS SO ORDERED**.

    /s/ Robert B. Young
    J.

RBY/lmc
oc:  Prothonotary
cc:  Counsel
      Opinion Distribution
      File

---

[20] *Gen. Motors Corp. v. Freeman*, 164 A.2d 686 (Del. 1960).