**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

JOHN E. MILLER,              )
                                        )
               Appellant,      )     C.A. No. N14A-10-010 RRC
    v.                        )
                                          )
NEW CASTLE COUNTY and     )
DEPARTMENT OF LAND USE,   )
               Appellee.       )

Submitted: October 26, 2015
Decided:  January 12, 2016

On Appellant's Petition for a Writ of *Certiorari*.
**DISMISSED.**

# <u>ORDER</u>

John E. Miller, *pro se*, James T. Vaughn Correctional Center, Smyrna, Delaware.

Darryl A. Parson, Esquire, County Solicitor and Brionna Denby, Esquire, New Castle County Office of Law, New Castle, Delaware, Attorneys for New Castle County and Department of Land Use.

COOCH, R.J.

      This 12th day of January, 2016, on Appellant's Petition for a Writ of *Certiorari* following a decision in a Rule to Show Cause hearing before the New Castle County Department of Land Use, it appears to the Court that:

      1.      On June 4, 2014, the New Castle County Department of Land Use ("the County") held a Rule to Show Cause ("RTSC") hearing, regarding an alleged May 19, 2014, violation of the New Castle County Standards for Property Maintenance.[1]

---

[1] R. at 3-5. *See also* The County's Answering Br. at n. 1 (Specifically, the [p]roperty had aluminum siding panels missing and exposed wood surfaces on the right, rear of the

Appellant John E. Miller is an absentee owner of 10 Catherine Street, New Castle, Delaware, the property in question.[2] Mr. Miller did not appear for the hearing, nor did counsel or anyone else appear on his behalf.[3] Following the RTSC hearing, Mr. Miller filed a Petition for a Writ of *Certiorari* with this Court on November 4, 2014. In his Petition, Mr. Miller contends that several violations spanning from May 9, 2009, through April 1, 2013, should be set aside, because he was not properly served notice of the violations.

2. In his Opening Brief, Mr. Millers asserts three grounds for relief. First, Mr. Miller argues that "[t]he New Castle County [a]ssessments dated 5/11/09 through 4/8/13 should be set aside[,] because there's no evidence in the record [] Appellant ever received real notice of them."[4] Similarly, Mr. Miller's second assertion is that the assessments from "5/11/09 through 4/8/13 should be set aside[,] because there's no evidence in the record of the June 4, 2014[,] [RTSC] [h]earing that [] Appellant received real notice of the 5/11/09 through 4/8/13 assessments."[5]

3. Mr. Miller's final argument, which he labels "[a] [p]reemptive [a]rgument," asserts that "[t]he New Castle County Department of Land Use should not be arguing [that] Appellant received notice of the May 2014 assessment[][,] because they are not the ones [] Appellant is attempting to rebut notice of."[6] Apparently to eliminate any possible ambiguity, Mr. Miller further stated, "to clarify, the Appellant is attempting to rebut only the 5/11/09 through 4/8/13 assessments."[7]

---

dwelling. Also, the garage displayed exposed rotting wood, it was missing siding and had a hole at the top of its exterior wall.").

[2] The County's Answering Br. at 1.

[3] R. at 4. It appears that at the time of the RTSC hearing Mr. Miller was incarcerated at the James T. Vaughn Correctional Center. He is still an inmate there. The County's Answering Br. at 2.

[4] Appellant's Opening Br. at 6.

[5] *Id.* at 7.

[6] *Id.* at 8.

[7] *Id.*

4. The County responded in its Answering Brief that Mr. Miller is unable to dispute the 5/11/09 through 4/8/12 assessments on a writ of *certiorari*. The writ is improper, argues the County, because Mr. Miller did not exhaust his administrative remedies, and because Mr. Miller received actual notice of the May 19, 2014 violation, "because it was mailed to the Smyrna prison where he was and is incarcerated."[8] The County further stated, "[It] has spent hundreds of employee hours sending notices, inspecting, ticketing, re-inspecting, re-ticketing and, finally, abating the persistent and recurring property maintenance issues on the [p]roperty."[9]

5. On January 9, 2015, the County filed the record and transcript of the RTSC hearing that took place on June 4, 2014, with the Prothonotary. On March 26, 2015, Mr. Miller filed a "Petition for Expansion of the Record." In his "Petition," Mr. Miller moved this Court to include "the violation notices [] Appellant is actually contesting"; meaning the violations from 5/11/09-4/8/12. The County filed a Motion in Opposition to Expansion of the Record, arguing that the writ was premature because Mr. Miller had not exhausted his administrative remedies. Also, the County asserted that "'the Superior Court cannot look behind the face of the record.'"[10] Mr. Miller's "Petition" was denied in an Order signed by the Court on May 14, 2015.

6. "Any person aggrieved by any administrative enforcement action under [the County Code] …shall have the right to appeal to the Board of License, Inspection and Review."[11] "An aggrieved party may appeal the decision of the Board of License, Inspection and Review by filing a petition for a writ of *certiorari* in the Delaware Superior Court.[12] A writ of *certiorari* "'is simply a form that calls up, for review, the record

---

[8] The County's Answering Br. at 2.
[9] *Id.* at 1.
[10] The County's Mot. in Opp'n to Expansion of the R. at 3 (quoting *Maddrey v. Justice of the Peace Court 13*, 956 A.2d 1204, 1215 (Del. 2008).
[11] *New Castle County Property Maintenance Code* Ch. 7, § 106.3.1.6.1.
[12] *Id.* at § 106.3.1.6.8.

from the lower court or tribunal."[13] "The Court may order an appeal dismissed *sua sponte . . .* for failure to comply with any rule, statute, or order of the Court or for any other reason deemed by the Court to be appropriate."[14]

7.  Mr. Miller's Petition for Writ of *Certiorari* must be dismissed. He did not exhaust all of his administrative remedies. Only after taking an appeal to the Board of License, Inspection and Review is it proper to petition this Court for a writ of *certiorari*.[15] Mr. Miller did not contest any of the 2009-2013 violations to the Board of License, Inspection and Review, and is now time barred from raising any such challenge.[16] Since, Mr. Miller's writ is improperly before this Court and this Court lacks jurisdiction to hear the matter under the doctrine of exhaustion of administrative remedies, dismissal is appropriate.[17]

---

[13] *Maddrey v. Justice of the Peace 13*, 956 A.2d 1204, 1213 (Del. 2008) (quoting *Reise v. Bd. of Bldg. App. of Newark, Del.*, 746 A.2d 271, 273 (Del. 2000).

[14] Super. Ct. Civ. R. 72(i).

[15] *Id.* at § 106.3.1.6.8 ("An aggrieved party may appeal the decision of the Board of License, Inspection and Review by filing a petition for a writ of certiorari in the Delaware Superior Court."). *See also Levinson v. Delaware Compensation Rating Bureau, Inc.*, 616 A.2d 1182, 1187 (Del. 1992) ("[W]here a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts will either review any action by the agency or provide an independent remedy.").

[16] The County's Answering Br. at 3 ("Although Appellant's first and second arguments are without merit, the Court should be aware that Mr. Miller did not contest any of the 2009-2013 Property Maintenance Code violation notices and is time barred from now raising objections.").

[17] On October 26, 2015, this Court received a letter from Mr. Miller, in which he asked if this Court would

> please tell [him] what case(s) it is [this Court] thinks [he] asked the Court to review. . . . [he] want[s] case[] 'A' reviewed and the Court and the Dept. of Land Use keep[s] pushing case 'B.' The confusion comes from [when he] attached a Rule to Show Cause Hearing Decision to [his] petition **as an example of the right way to do notice**.

There is no need for the Court to reach the issue of notice.

4

Therefore, Appellant's Petition for Writ of *Certiorari* is **DISMISSED**.

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

oc:     Prothonotary