**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

RONALD DORSEY,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀Appellant,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀C.A. No: N23A-03-003 FWW
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
AKA MANAGEMENT,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀Appellee.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

Submitted: December 14, 2023
Decided: March 18, 2024

*Upon Ronald Dorsey's Complaint in Certiorari from Justice of the Peace Court 13,*
**AFFIRMED**

**ORDER**

Ronald Dorsey, 432 South Jackson Street, Wilmington, DE 19805, *pro se,* Appellant.

Brian T. Murray, Esquire, RHODUNDA WILLIAMS & KONDRASCHOW, LLC, 1521 Concord Pike, Suite 205, Wilmington, DE 19803, Attorney for Appellee AKA Management.

**WHARTON, J.**

This 18th day of March 2024, upon consideration of Appellant Ronald Dorsey's ("Dorsey") Opening Brief,[1] Appellee AKA Management's ("AKA") Answering Brief,[2] Dorsey's Reply Brief,[3] and the record in this case, it appears to the Court that:

1.    This case is the aftermath of several landlord-tenant proceedings between Dorsey and AKA Management in Justice of the Peace Court 13 in 2022 and 2023.    Those proceedings were summary possession actions related to 569A Homestead Road, Unit 1, Wilmington, Delaware.[4]  After the initial proceeding was dismissed, two subsequent cases were filed on June 14 and July 22, 2022 and were consolidated by the Justice of the Peace Court.[5]  A three judge panel heard the consolidated cases in a trial *de novo* held on January 11, 2023.[6]  The panel issued an Order of Possession in favor of AKA on February 27, 2023.[7]  AKA requested a Writ of Possession on June 14, 2023.[8]  The Justice of the Peace Court issued a writ on the

---

[1] Appellant's Op. Br., D.I. 40.
[2] Appellee's Ans. Br., D.I. 42.
[3] Appellant's Reply Br., D.I. 45.
[4] D.I. 21.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*

2

June 15, 2023.[9]  On June 23, 2023, the Justice of the Peace Court denied Dorsey's first Motion to Stay, finding it untimely and moot.[10]

2.    In this Court, Dorsey filed his Complaint in *Certiorari*[11] along with a Motion to Proceed *in Forma Pauperis* on March 7, 2023.[12]  Paragraph 13 of the Complaint requested a stay of execution of eviction "until evidence is showed in [C]ourt of higher authority."[13]  On March 16, 2023, this Court granted the Motion to Proceed *in Forma Pauperis*.[14]  On June 27, 2023, Dorsey filed a Motion to Stay in this Court.[15]  The Court denied his motion on July 18, 2023.[16]  The Court concluded, *preliminarily*, that Dorsey had little likelihood of success on appeal because his attempt to retry facts is beyond the purview of this Court on *certiorari* review.[17]

3.    Dorsey submitted his Opening Brief on September 18, 2023.[18]  AKA submitted its Answering Brief on October 6, 2023.[19]  Dorsey submitted his Reply

---

[9] *Id.*
[10] *Id.*
[11] D.I. 1.
[12] D.I. 5.
[13] D.I. 1.
[14] D.I. 10.
[15] D.I. 16.
[16] D.I. 22.
[17] *Id.*
[18] Appellant's Op. Br., D.I. 40.  Despite the parties differing views of the timeliness of Dorsey's Opening Brief, the Court considers it.
[19] Appellee's Ans. Br., D.I. 42.

3

Brief in November 2023.[20] The matter was assigned for decision on December 14, 2023.[21]

4. Dorsey asks the Court to reverse the decision of the Justice of the Peace Court and remand the case for a new trial.[22] Dorsey seeks re-entry into the unit and an increase in the damages awarded to him.[23] Dorsey's "Summary of the Argument" section of his Opening Brief includes the following: 1) "[t]he 7 day letter was not supported by giving possession due to tenant not being able to access unit until February 7, 2023[;]" 2) "[t]he tenant was awarded damage [*sic*] for illegal ouster but was denied for the correct time period[;]" 3) "[t]he landlord did a self-help eviction and was awarded possession due to a lie not supported by facts [*sic*] no witnesses or anyone supported there [*sic*] claim[;]" and 4) "[t]he landlord made statement [*sic*] to the [C]ourt on record and transcript audio about subletting but had no evidence to support claim[.]"[24]

5. AKA argues that Dorsey "has only sought re-litigation of the facts and presented nothing reviewable under *certiorari*."[25] AKA asserts that the arguments in the "Summary of the Argument" ask the Court to impermissibly make new

---

[20] Appellant's Reply Br., D.I. 45; The Court granted Dorsey an extension beyond the Briefing Schedule due date. D.I. 44.
[21] D.I. 46.
[22] Appellant's Op. Br. at 9, D.I. 40.
[23] *See id.*
[24] *Id.* at 6.
[25] Appellee's Ans. Br. at 6, D.I. 42.

findings of fact.[26] Additionally, AKA contends that the Court's review of this writ of *certiorari* is only on the record and that alleged facts, not contained in the record, are irrelevant and should be ignored.[27]

6. Dorsey replies that he is not challenging the findings of fact but is trying to show the irregularity in the proceedings and errors of law.[28] Dorsey posits the use of factual findings to prove the irregulates and errors, writing that he was not able to cure the 7-day letter because he didn't have access to the unit for the reasons he submits.[29]

7. Because Dorsey has brought a Complaint in *Certiorari,* the Court must apply the limited scope of review applicable to those actions. The purpose of a writ of *certiorari* is to permit this Court to review the record of a proceeding decided by a lower tribunal.[30] Delaware law is clear that a writ of *certiorari* is not the functional equivalent of appellate review.[31] "*Certiorari* review differs from appellate review in that an appeal 'brings up the case on its merits,' while a *writ* brings the matter

---

[26] *See id* at 6-7.
[27] *Id.* at 6.
[28] Appellant's Reply Br. at 11, D.I. 45.
[29] *Id.* at 12.
[30] *Christiana Town Ctr., LLC v. New Castle Cnty.*, 2004 WL 2921830, at *2 (Del. Dec. 16, 2004).
[31] *Maddrey v. Just. of Peace Ct. 13*, 956 A.2d 1204, 1213 (Del. 2008).

before the reviewing court to 'look at the regularity of the proceedings.'"[32] When conducting the review of the lower tribunal, this Court may not "look behind the face of the record" nor may it engage in "combing the transcript for an erroneous evidentiary ruling."[33] That is because "[i]t is the function of 'the agency, not the court, to weigh evidence and resolve conflicting testimony and issues of credibility.'"[34] Instead, the Court only "considers the record to determine whether the lower tribunal exceeded its jurisdiction, committed errors of law, or proceeded irregularly."[35] The Court may not weigh evidence, disturb the lower tribunal's factual findings or decide the merits of the case.[36] Therefore, the Court shall uphold the decision of the lower tribunal unless the petitioner can demonstrate that the decision "was arbitrary and unreasonable" on its face.[37]

8.     Dorsey filed the Complaint in *Certiorari* pursuant to 10 *Del. C.* § 562.[38] In his Opening Brief*,* Dorsey adds that he "filed appeal due to irregularity in error

---

[32] *395 Assocs., LLC v. New Castle Cnty.*, 2006 WL 2021623, at *3 (Del. Super. July 19, 2006) (quoting *Breasure v. Swartzentruber*, 1988 WL 116422, at *1 (Del. Super. Oct. 7, 1988)).
[33] *Maddrey*, 956 A.2d at 1215.
[34] *395 Assocs.*, 2006 WL 2021623 at *3 (quoting *Christiana Town Ctr.*, 2004 WL 2921830, at *2).
[35] *Christiana Town Ctr.*, 2004 WL 2921830, at *2.
[36] *Reise v. Bd. of Bldg. Appeals of Newark*, 746 A.2d 271, 274 (Del. 2000).
[37] *See Domus GCK, JV/LLC v. New Castle Cnty. Dep't of Land Use*, 2010 WL 1427357, at *1 (Del. Super. Apr. 7, 2010).
[38] Complaint in *Certiorari* at ¶ 3, D.I. 1.

[*sic*] of his case."[39]  The Complaint in *Certiorari* is a writ of *certiorari* and ***not*** an appeal.[40]  The Delaware Supreme Court has held that "[a] writ of *certiorari* is *not* a substitute for, or the functional equivalent of, an appeal."[41]  The purpose of a writ of *certiorari* is to permit this Court to review the record of a proceeding decided by a lower tribunal.[42]  Dorsey has not given the court any reason to believe that the Justice of the Peace Court exceeded its jurisdiction, committed errors of law, or proceeded irregularly.[43]  Furthermore, Dorsey has not given the Court any reason to reverse the lower Court's decision and remand the case for a new trial, allow re-entry onto the property or increase the damages awarded to him.

9.     The Court wrote in its prior opinion that the dispositive issue in his application for a stay was an assessment of Dorsey's likelihood of success on appeal.[44]  Under the guidance of *Kirpat, Inc. v. Delaware Alcoholic Beverage Control Comm'n*,[45] the Court assessed Dorsey's chances on appeal given the Complaint in *Certiorari*:

> Dorsey's Complaint in *Certiorari* simply recites his version of the facts in the apparent expectation that this Court will provide him with an opportunity to relitigate them. But, retrying the facts is beyond this Court's purview

---

[39] Appellant's Op. Br. at 5, D.I. 40.
[40] The accompanying briefs do not act as an appeal either.
[41] *Maddrey*, 956 A.2d at 1213.
[42] *Christiana Town Ctr.*, 2004 WL 2921830, at *2.
[43] *Id.*
[44] *Dorsey*, 2023 WL 4996696, at *2.
[45] 741 A.2d 356, 357 (Del. 1998).

on *certiorari* review. Dorsey has not given the Court any reason to believe that the Justice of the Peace Court exceeded its jurisdiction, committed errors of law, or proceeded irregularly. Thus, the Court preliminarily concludes that Dorsey has little likelihood of success on appeal.[46]

The Court maintains this conclusion after carefully reviewing the parties' contentions. As previously stated, the Complaint in *Certiorari* is a writ of *certiorari* and **not** an appeal. Dorsey *again* recites his version of the facts in the apparent expectation that the Court will review them.[47] Dorsey does not point to any procedural irregularity; he does not identify any errors of law; nor does he challenge the jurisdiction of Court 13. Instead, all four of Dorsey's arguments challenge the findings of fact made by the Justice of the Peace Court. The Court may not disturb the findings of fact made below.[48]

Therefore, the decision of Justice of the Peace Court 13 is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[46] *Dorsey*, 2023 WL 4996696, at *3.
[47] *See* Appellant's Op. Br., D.I. 40; *See* Appellee's Ans. Br., D.I. 42.
[48] *Reise*, 746 A.2d at 274.