# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| HAROLD LEONARD, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | C.A. No. N20A-07-004 ALR |
| v. | ) | |
| | ) | |
| NEW CASTLE COUNTY, | ) | |
| NEW CASTLE COUNTY BOARD | ) | |
| OF LICENSE, INSPECTION AND | ) | |
| REVIEW, SHANE MILLER, in his | ) | |
| Official Capacity as Code | ) | |
| Enforcement Officer, and JACK | ) | |
| GAHAN, in his Official Capacity as | ) | |
| Chief Filed Supervisor, | ) | |
| | ) | |
| Appellees. | ) | |

Submitted: March 24, 2021
Decided: April 5, 2021

*Upon Writ of Certiorari from the*
*New Castle County Board of License, Inspection and Review*
**AFFIRMED**

## <u>MEMORANDUM OPINION</u>

James H. Edwards, Esquire, Hockessin, Delaware, Attorney for Appellant.

Karen V. Sullivan, Esquire, New Castle County Office of Law, New Castle, Delaware, Attorney for Appellees.

**Rocanelli, J.**

This matter involves a citation issued by New Castle County Department of Land Use, Division of Code Enforcement to a homeowner for storage of inoperable vehicles on his property in violation of the New Castle County Property Maintenance Code.[1]  Harold Leonard, the owner of the property at issue, has been cited by New Castle County many times over the past several years.  The record reflects that neighbors have made complaints about the condition of the property at issue.  In addition to the vehicle which is the subject of New Castle County citations for the storage of inoperable vehicles, the record also includes photographs of the unkempt condition of the property, including vehicles which have been enveloped by weeds and vehicle tires with moss growing on them.

The specific citation at issue here involves a Chevrolet sedan with VIN#31847J181729 ("Vehicle").  On May 24, 2019, a New Castle County Code Enforcement Officer ("NCC Enforcement Officer") issued ticket number 2031353

---

[1] Section 7.01.001 of the New Castle County Code adopts the International Property Maintenance Code, 2018 edition, published by the International Code Council, Inc. as the New Castle County Property Maintenance Code.  Section 7.01.002 of the New Castle County Code makes certain modifications to the International Property Maintenance Code, 2018 edition, and refers to the sections as "Section PM ___." ("Section PM ___" format will be used as the form of citation for the cited provisions of the Property Maintenance Code.)  The Property Maintenance Code specifies minimum requirements and standards for maintaining premises.  (International Property Maintenance Code 2018 § 101.2 (Scope).)

("Ticket") to Leonard charging a violation of Section PM 302.8.3 of the New Castle County Property Maintenance Code for the storage of an inoperable or unregistered vehicle.[2] The Ticket noted the Vehicle was parked in the driveway and did not have any interior seating (except driver's seat) or ignition switch and that it was missing several engine parts. The NCC Enforcement Officer concluded these missing parts rendered the vehicle inoperable.

Leonard filed a timely appeal of the Ticket to the New Castle County Department of Land Use. After an administrative hearing, the hearing officer concluded that the violation existed at the time the Ticket was issued. Leonard appealed the decision of the administrative hearing officer to the New Castle County Board of License, Inspection and Review ("LIR Board").

Leonard was represented by counsel at the March 10, 2020 LIR Board hearing. The LIR Board considered the testimony of Leonard and the NCC Enforcement Officer and considered the documentary evidence submitted by Leonard and New Castle County. The LIR Board issued a decision on June 24, 2020

---

[2] The New Castle County Department of Land Use, Division of Code Enforcement ("Code Enforcement") is charged with enforcing the Property Maintenance Code pursuant to the processes specified in the Code. When a NCC Enforcement Officer "determines that there has been a violation of this Chapter or has reasonable grounds to believe that a violation has occurred, notice shall be given to the owner or persons responsible for the property." (Section PM 106.3.1.1; *see also* Section PM 106.3.1.2.1.)

("LIR Decision") which concluded that the Ticket for an inoperable vehicle was properly issued.

Leonard has filed a petition for writ of *certiorari* from the LIR Decision.

## STANDARD OF REVIEW

"A petition for writ of *certiorari* 'is simply a form that calls up, for review, the record from the lower court or tribunal.'"[3] The purpose of a writ of *certiorari* is to "permit the higher court to review the conduct of a lower tribunal record."[4] "The standard for reviewing a petition for writ of *certiorari* is 'strictly limited.'"[5] This Court may not weigh evidence or review the lower tribunal's factual findings.[6] Moreover, this Court may not "consider the case on its merits."[7]

The scope of review is whether the lower tribunal "(1) committed errors of law, (2) exceeded its jurisdiction, or (3) proceeded irregularly."[8] As explained by the Delaware Supreme Court, a reviewing court needs to determine whether relief from the judgment would be appropriate on any of the three grounds.[9] A decision

---

[3] *Millsboro Fire Co. v. State Fire Prevention Comm'n*, 2014 WL 5396158, at *1 (Del. Super. Oct. 21, 2014) (quoting *Maddrey v. Just. of Peace Ct. 13*, 956 A.2d 1204, 1213 (Del. 2008)).
[4] *Id.* (quoting *Maddrey*, 956 A.2d at 1213).
[5] *Black v. New Castle Cty. Bd. of License*, 117 A.3d 1027, 1030 (Del. 2015) (citing *Matter of Butler*, 609 A.2d 1080, 1081 (Del. 1992)).
[6] *Black*, 117 A.3d at 1031.
[7] *Id.* (quoting *Christiana Town Ctr., LLC v. New Castle Cnty.*, 2004 WL 2921830, at *2 (Del. Dec. 16, 2004) (TABLE)).
[8] *Maddrey*, 956 A.2d at 1213.
[9] *See id.*

by a lower tribunal "will be reversed for an error of law . . . when the record affirmatively shows that the lower tribunal has 'proceeded illegally or manifestly contrary to law.'"[10] "Reversal on jurisdictional grounds is appropriate 'only if the record fails to show that the matter was within the lower tribunal's personal and subject matter jurisdiction.'"[11] Finally, "[r]eversal for irregularities of proceedings occurs 'if the lower tribunal failed to create an adequate record for review.'"[12]

## DISCUSSION

Leonard focuses his arguments on contentions of legal error as well as a claim of procedural irregularity with respect to application of the standard of review. First, Leonard contends that consideration by the LIR Board of photographs amounted to legal error. Specifically, Leonard contends the search warrant was unconstitutional and therefore photographs taken when the warrant was executed should not have been considered. This Court disagrees.

On May 2, 2019, a NCC Enforcement Officer observed what appeared to be debris and inoperable vehicles on Leonard's property and applied for a search warrant to obtain evidence of the violations. On May 23, 2019, a Magistrate Judge for the Justice of the Peace Court No. 11 issued a search warrant (the "Search Warrant") for the Property, to include "the exterior property area and the interior of

---

[10] *Id.* at 1214 (quoting *Christiana Town Ctr., LLC*, 2004 WL 2921830, at *2).
[11] *Id.* (quoting *Christiana Town Ctr., LLC*, 2004 WL 2921830, at *2).
[12] *Id.* (quoting *Christiana Town Ctr., LLC*, 2004 WL 2921830, at *2).

vehicles." A copy of the entire application and Search Warrant, including the affidavit of probable cause and the warrant issued are included in the record. Leonard's challenge to the constitutionality of the search warrant is beyond the limited scope of certiorari review. Nevertheless, this Court is satisfied with the finding of probable cause, scope of the search warrant issued, and manner in which the warrant was executed.

Second, Leonard argues legal error by the LIR Board by failing to properly apply the definition of "inoperable motor vehicle." This Court disagrees. The LIR Board properly considered and correctly applied the definition of inoperable motor vehicle.[13] Specifically, the LIR Board noted that the vehicle "lacked seats, with the exception of the driver's seat; there was no dashboard; [] no ignition switch" and there was "no battery, air filter, or alternator, making the [v]ehicle inoperable."[14] Accordingly, the LIR Board made findings supported by the record evidence that the vehicle was inoperable due to its "state of disrepair."[15] This Court is satisfied

---

[13] The Property Maintenance Code makes it "unlawful to park, store, or permit to be parked or stored, other than in a fully enclosed permanent building, any vehicle that is inoperable or incapable of being legally operated on any public roadway." (Section PM 302.8.3.) "Inoperable motor vehicle" is defined as "[a] vehicle that cannot be driven upon the public streets, including but not limited to being unlicensed, wrecked, abandoned, in a state of disrepair, or incapable of being moved under its own power." (International Property Maintenance Code 2018 § 202 (Definitions).)

[14] *New Castle Cnty. Bd. of License Inspection & Review Decision*, No. 2019-0446, at 8–9 (June 24, 2020).

[15] *Id.* at 11.

that the LIR Board did not commit legal error in its ruling that the vehicle was inoperable.

Leonard's third and final argument is that the LIR Board committed legal error and/or proceeded irregularly by applying the wrong standard of review. While the LIR Board stated that the issuance of the Ticket was not arbitrary or capricious, the LIR Board applied the correct standard of review and found that the issuance of the Ticket for an inoperable vehicle was not contrary to law. Accordingly, the correct standard of review was applied by the LIR Board.

## CONCLUSION

Leonard's petition is properly before this Court. The judgment below is final, and there is no other available basis for review. Consideration of the matter is within the scope of the personal and subject matter jurisdiction of the LIR Board. An adequate record has been presented for this Court to conduct a review of the LIR Decision. The LIR Board properly considered the record evidence and applied the correct law. The LIR Board did not commit legal error. The LIR Board properly considered the record evidence, applied the applicable law, and used the correct standard of review.

**NOW, THEREFORE,** this 5th day of April 2021, the June 24, 2020 Decision of the New Castle County Board of License, Inspection and Review is hereby **AFFIRMED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

**The Honorable Andrea L. Rocanelli**