# THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 326, COMPANY, | ) ) ) ) | |
| Petitioner, | ) | |
| v. | ) | C.A. NO. N21C-08-211 DJB |
| | ) | |
| TOWN OF DELMAR POLICE DEPARTMENT, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

### *On Respondent's Motion to Dismiss Amended Complaint for Writ of Certiorari and to Quash Summons - GRANTED*

Date Submitted: June 7, 2022
Date Decided: August 15, 2022

*Jeffrey M. Weiner, Esquire*, Wilmington, Delaware, attorney for Petitioner

*Aaron M. Shapiro, Esquire*, Connolly & Gallagher, LLP, attorney for Respondent

**Brennan, J.**

1

## I. INTRODUCTION

This dispute arises from the Delaware Public Employment Relations Board's (hereinafter "PERB" or the "Board") denial of International Brotherhood of Teamsters Local 326's (hereinafter "IBT") petitions under Delaware's Police Officers and Firefighters Employment Relations Act (hereinafter "POFERA").[1] IBT filed two petitions to represent the interests of police officers employed by Respondent Town of Delmar Police Department (hereinafter "the Town"). Initial review was by an Executive Director of the Board, who issued a decision which denied IBT's petitions. IBT appealed and following a public hearing, the denial was affirmed by the full Board. After the denial of its petitions, IBT filed a Complaint In Proceedings for Extraordinary Writ ("Complaint") seeking a writ of *certiorari* in this Court to review PERB's decision.[2]

Before the Court is Town of Delmar Police Department's motion to dismiss IBT's amended petition for writ of *certiorari*. For the reasons set forth below, Respondent's motion is **GRANTED**.

## II. BACKGROUND

The town of Delmar, Delaware is a municipal corporation located in Sussex County on the border between Delaware and Maryland. The town of Delmar, Maryland, is a municipal corporation located in Wicomico County. In 1954, the two towns agreed to a unification of certain public services, including the Town of Delmar Police Department. As part of the agreement, both Delmar, Delaware and Delmar, Maryland agreed to share costs of the unified police department. To oversee the shared public services, the towns created the "Town of Delmar"[3] a singular

---

[1]     19 *Del. C.* §§ 1601-1623.
[2]     D.I. 1
[3]     The Court will refer to the unified government entity as "Town of Delmar."

2

government entity serving both towns. The Town of Delmar is governed by a joint council comprised of elected officials from both Delmar, Delaware and Delmar, Maryland.

On December 11, 2017, IBT filed a petition for "Bargaining Unit Determination"[4] and "Certification of Exclusive Bargaining Representative"[5] seeking to represent the labor interests of police officers employed by the Town of Delmar Police Department. In accordance with the allotted procedure, an Executive Director of PERB reviewed and subsequently dismissed the petitions on May 17, 2021, more than three years after the filing of the initial petition. In dismissing the petitions, it was determined that the Town of Delmar is an administrative entity created by two towns, one of which is an independent sovereign municipality of the State of Maryland. Accordingly, the Board concluded that PERB lacked jurisdiction over the Town of Delmar, as it was not a "public employer" as defined in the Delaware Code and dismissed IBT's petitions. IBT appealed the Executive Director's decision before the full Board, which the PERB affirmed on August 17, 2021.

Just prior to the affirmation, however, on June 22, 2021, the Delaware Senate passed Senate Bill No. 181 proposing an amendment to POFERA which would expressly designate the Town of Delmar as a public employer under POFERA.[6] The legislation became effective on September 10, 2021, less than a month after PERB denied IBT's appeal.[7] Delmar, Delaware's charter was also amended to reflect the new legislation.[8]

---

[4]     19 *Del. C.* § 1610.
[5]     19 *Del. C.* § 1611.
[6]     Original Synopsis, Senate Bill No. 181 (June 10, 2021), *available at* https://legis.delaware.gov/BillDetail?LegislationId=78889.
[7]     19 *Del. C.* § 1602(13)b.
[8]     Delmar, DE Town Charter, Section 4(c)(1), *at* http://charters.delaware.gov/delmar.shtml (last visited July 29, 2022).

On August 25, 2021, IBT filed a Complaint seeking a writ of *certiorari*, requesting the extraordinary relief of this Court's review of PERB's decision.[9]  In lieu of an Answer, Respondent filed a motion to dismiss on October 19, 2021.[10] Following oral argument on that motion, the Court ruled that IBT was permitted to file an amended petition to attempt to conform its Complaint in accordance with the requirements for such a writ.  IBT filed its Amended Complaint on January 13, 2022.[11]  Following the filing of the Amended Complaint, Respondent filed the instant Motion to Dismiss and costs pursuant to Superior Court Civil Rule 12(b)(6) on January 20, 2022.[12]  On February 28, 2022, the Court held oral argument and took the matter under advisement.[13]

Based upon arguments presented at the February 28 hearing, the Court requested further briefing from counsel on March 1, 2022, regarding the rules and regulations of PERB and whether a breach of those rules and regulations impacts this Court's decision on the motion.[14]  On May 24, 2022, IBT informed the Court about a Town of Delmar resolution to recognize its status as a public employer under POFERA.[15]  The Court permitted the parties to submit their respective positions on the resolution to the extent they deemed it relevant to the pending motion.[16]  On June 2, 2022, Petitioner filed its "Position in Light of Respondent Delmar Delaware's Resolution 2022-05-23."[17]  This filing details that the Town of Delmar, Delaware,

---

[9]     D.I. 1
[10]    D.I. 7
[11]    D.I. 21-22
[12]    D.I. 23.  Although the motion is titled "Respondent's Motion to Dismiss Amended Complaint for Writ of *Certiorari* and to Quash Summons," IBT voluntarily withdrew its notice of deposition on November 7, 2021.  D.I. No. 15.  Accordingly, the Court will treat Respondent's motion solely as a motion to dismiss.
[13]    D.I. 26
[14]    D.I. 28
[15]    D.I. 34
[16]    D.I. 35
[17]    D.I. 36

recognized that the amended Title 19, Section 1602 of the Delaware Code mandates a finding that Respondents is a "public employee," thus subjecting it to the jurisdiction of the PERB. The Town of Delmar Police Department responded on June 7, arguing that the status of this resolution does not change the posture of the challenge to the writ.[18]

## III. STANDARD OF REVIEW

"Under Superior Court Civil Rule 12(b)(6), the legal issue to be decided is, whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[19] Under that Rule, the Court will:

> (1) accept all well pleaded factual allegations as true; (2) accept even vague allegations as "well pleaded" if they give the opposing party notice of the claim, (3) draw all reasonable inferences in favor of the non-moving party, and (4) not dismiss the claims unless the plaintiff would not be entitled to recovery under any reasonably conceivable set of circumstances.[20]

"If any reasonable conception can be formulated to allow Plaintiffs' recovery, the motion must be denied."[21]

A writ of *certiorari* is derived from common law and permits "a higher court to review the conduct of a lower tribunal of record."[22] Delaware law is clear that a petition for writ of *certiorari* is "not a substitute for, or the functional equivalent of"

---

[18]      D.I. 37

[19]      *Vinton v. Grayson*, 189 A.3d 695, 700 (Del. Super. Ct. 2018) (quoting Superior Court Civil Rule 12(b)(6)).

[20]      *Id*. (quoting *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011)).

[21]      *Id*. (citing *Cent. Mortg. Co*., 27 A.3d at 535).

[22]      *Christiana Town Ctr., LLC v. New Castle Cty.*, 865 A.2d 521, at *2 (Del. 2004) (citing *Shoemaker v. State*, 375 A.2d 431, 436-37 (Del. 1997)).

a direct appeal.[23] Superior Court cannot review the lower tribunal's factual findings, weigh evidence, or consider the case on its merits.[24] Review is strictly limited in scope to determine if the decision was either manifestly contrary to the law or the result of a procedural irregularity.[25] This Court must undertake a disciplined and constrained review in considering a petition for writ of *certiorari*.[26]

## IV. DISCUSSION

The Town of Delmar Police Department argues that the Amended Petition fails to state a claim upon which relief can be granted because the relief IBT seeks is beyond this Court's scope of review under a *certiorari* proceeding. Respondent contends that IBT's Amended Petition fails to contain any factual allegations asserting how PERB failed to satisfy this Court's limited standard of review. IBT claims that the Amended Petition sufficiently states a claim upon which relief can be granted.

The Delaware General Assembly has not provided a right of appellate review from PERB decisions regarding bargaining unit determination[27] or certification of a bargaining representative.[28] As a result, IBT seeks relief under a writ of *certiorari*. To obtain *certiorari* review, petitioners must satisfy two threshold requirements—the lower tribunal's decision must be final and no alternative basis for review exists.[29] The reviewable record in *certiorari* proceedings is "limited to the complaint initiating the proceeding, the answer or response (if required), and the docket entries."[30] Based on the limited record, the reviewing court may only consider

---

[23]  *Maddrey v. Justice of Peace Court 13*, 956 A.2d 1204, 1213 (Del. 2008).
[24]  *Id.* at 1031.
[25]  *Black v. New Castle County Board of License*, 117 A.3d 1027, 1029 (Del. 2015).
[26]  *Id.*
[27]  19 *Del. C.* § 1610
[28]  19 *Del. C.* § 1611
[29]  *Maddrey*, 956 A.2d at 1213.
[30]  *Id.* at 1216.

6

whether the lower tribunal (1) exceeded its jurisdiction; (2) committed errors of law; or (3) proceeded irregularly.[31] "A decision will be reversed for an error of law committed by the lower tribunal when the record affirmatively shows that the lower tribunal has proceeded illegally or manifestly contrary to law."[32] In addition, courts will reverse on the grounds of irregular proceedings if "the lower tribunal failed to create an adequate record to review."[33]

As a preliminary matter, the Court finds that IBT has met the threshold requirements to permit *certiorari* review. The decision before the full Board was final and no other basis for review exists.[34] Thus, to survive dismissal, IBT must allege that the PERB exceeded its jurisdiction, committed errors of law, or proceeded irregularly under any reasonably conceivable set of circumstances.

**A. Errors of Law**

To support its claim that PERB committed errors of law, IBT advances the same arguments that were raised, considered, and decided by the Executive Director in its May 17, 2021, decision. Specifically, IBT claims that PERB failed to find whether:

> (a) the dissolution of the Police Commission does not vitiate the prior decisions?
> (b) The funding source does not impact the computation of numbers of full-time employees under the definition of a public employer?
> (c) the inclusion of all Delmar Police Officers in the Delaware County and Municipal Police/Firefighter Pension Plan for Police Officers does not make Delmer DE a public employer under [POFERA]? and/or

---

31  *Christiana*, 865 A.2d at *2.
32  *Id.*
33  *Id.*
34  Although the General Assembly has provided a specific right of appeal to the Court of Chancery for PERB decisions under 19 *Del. C.* §§ 1608, 1615, no such right exists for decisions under 19 *Del. C.* §§ 1610, 1611, which are at issue here. *See* 19 *Del. C.* § 1609(a).

7

(d) Delmar, DE cannot avoid its statutory mandates by entering into an agreement with another entity?[35]

Although IBT's claims may have merit upon a direct appeal; before the Court is a writ of *certiorari*. As such, this Court cannot consider the factual findings, evidence, or merits of the decision below.[36] Reversible errors of law under *certiorari* review are not equivalent to errors of law on direct appeal. In a *certiorari* proceeding, the reviewing court may only reverse for an error of law if the lower tribunal proceeded illegally or manifestly contrary to law.[37] IBT makes no such allegations in its Amended Petition. Instead, IBT requests that the Court review the same questions presented to PERB and evaluate the merits of the Board's decision. As a result, IBT's requested relief exceeds the Court's limited authority on *certiorari* review.

In its opposition to the motion to dismiss, IBT contends that the September 10, 2021, amendment to POFERA represents an intervening change of law in its favor. The POFERA amendment explicitly states that "Public employer or employer includes the Town of Delmar, Delaware."[38] IBT maintains that the amendment renders PERB's decision as an error of law apparent on the face of the record. Notwithstanding that IBT failed to allege this avenue of relief in its Amended Petition, the change of law became effective *after* PERB's final decision,[39] the record before the Court on *certiorari* review is limited to the complaint, the answer or response, and the docket entries below.[40] To consider an intervening change of

---

[35]     Am. Compl. ¶ 29, Jan. 13, 2022 (D.I. 22).
[36]     *Black*, 117 A.3d at 1031.
[37]     *Christiana*, 865 A.2d at *2.
[38]     19 *Del. C.* § 1602(13)b.
[39]     *See* Am. Compl., Ex. G (hereinafter "PERB Appeal Decision") at 3 ("[PERB's] scope of review is limited to *the record created by the parties* and consideration of whether the Executive Director's decision is arbitrary, capricious, contrary to law, or unsupported by the record.") (emphasis added).
[40]     *Maddrey*, 956 A.2d at 1216.

8

law on *certiorari* review would require this Court to exceed its narrow scope of review.

Likewise, the passage of the recent resolution No. 2022-05-23 similarly does not allow the Court's review. This resolution, which formally recognized the Town of Delmar, Delaware Police Department as a "public employer" and consequently subjects it to the jurisdiction of the PERB, effectively paves the way for a successful collective bargaining petition being filed going forward by IBT. However, this Resolution does not create an error of law committed by the PERB. Additionally, because these two developments – the change of law and the Town's Resolution – both came into effect after the PERB's decision, it cannot be said that the decision was based upon an error of law. At the time of the decision, the law was as the PERB stated it was: the Town of Delmar Police Department was not a "public employer" under the Code's definition. The fact that this has changed does not make the PERB's decision erroneous at the time it was made. Accordingly, there are no reasonably conceivable circumstances under which IBT may seek review on its claim for error of law.

## B. Irregularity of Proceedings

Petition argues that because the initial decision of the Executive Director was made untimely, that an irregularity of the proceedings occurred, allowing for a grant of *certiorari*. Respondent disagrees. Rule 7.2 of PERB's Rules & Regulations states "[w]ithin thirty (30) days after the close of the record, the Executive Director shall issue a decision."[41] Even accepting that the record closed on June 14, 2020, when the final email sent from counsel was received,[42] the initial decision was not issued

---

[41]    19 *Del. Admin. C*. §3002-7.2.

[42]    *Compare* Petitioner's Supplemental Mem. at 4-6, Mar. 14, 2022 (D.I. 32) (indicating IBT "believes" the record closed on April 27, 2018); *with* Respondent's Letter at 4-6, Mar. 14, 2022 (D.I. 33) (noting that the PERB accepted emails from counsel on June 14, 2020).

until May 17, 2021—337 days later. While it clearly appears that PERB did not strictly follow its own rules, the Court finds that this delay does constitute an "irregularity of the proceedings" that would allow a grant of *certiorari*.

On *certiorari* review, reversible procedural irregularity hinges on whether the lower tribunal "failed to create an adequate record for review."[43] "The record is adequate if it includes a fair statement of the conclusions of the lower tribunal as well as the material facts to show the grounds for those conclusions including the legal standard the tribunal applied."[44] The timing of this initial decision has no relation to the adequacy of the record in this case. As a result, a grant on this basis "would disregard the appropriate standard of *certiorari* review."[45]

## V. CONCLUSION

The Delaware Supreme Court stated, "it is always tempting for a court, including our own, to stray from the disciplined contours governing a petition for writ. But to do so undermines the General Assembly's authority to determine which administrative agencies are subject to direct appeal and which are not."[46] The Court recognizes that considering the amendment to POFERA and the recent resolution, IBT's core claim that the Town of Delmar is now within PERB's jurisdiction is a persuasive argument. However, the Court cannot grant the relief IBT seeks upon a writ of *certiorari*.[47]

---

[43] *Maddrey*, 956 A.2d at 1214.

[44] *Black v. New Castle Cty. Bd. of License*, 2014 WL 4955183, at *5 (Del. Super. Ct. Sept. 26, 2014).

[45] *Black*, 117 A.3d at 1033.

[46] *Id.* at 1032.

[47] While the Court cannot grant the relief requested given the standard of review, the Court recognizes that IBT may once again re-file its Petitions before the PERB, with the amendment to POFERA on its side. The Court hopes that the PERB, however, issues a more timely decision so as not to create potential for any irregularities in any future proceedings.

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**.

The Court will award reasonable costs incurred by Respondent in accordance with Superior Court Civil Rule 54(d) and 10 *Del. C.* § 5101. Any request for an award of attorney's fees, is denied.[48] Respondent is to submit any such request within twenty (20) days to the Court. Petitioner thereafter has twenty (20) days to respond.

**IT IS SO ORDERED.**

/s/ Danielle J. Brennan
Danielle J. Brennan, Judge

---

[48] *Casson v. Nationwide Ins. Co.*, 455 A.2d 361, 369 (Del. Super. 1982).